ABRAHAM KERZNER, PLAINTIFF-RESPONDENT, v. JACOB CHANIN, DEFENDANT-APPELLANT.

Submitted June 5, 1923—Decided June 18, 1923.

**Costs—Creature of Statute—Reversal—The Kind of Judgment in the Appellate Court Controls.**

On motion for costs.

Before Justices KALISCH and KATZENBACH.

For the motion, *Atwood C. Wolf.*

*Contra, Thomas Herbert Brown.*

PER CURIAM.

This is a motion for the allowance of costs. The above suit was instituted in the Hudson County Circuit Court. The plaintiff in that court recovered a judgment against the defendant. The defendant appealed to this court, and at the November term, 1922, an opinion was rendered reversing the judgment of the Hudson County Circuit Court and remanding the cause to that court for a new trial. The opinion of the Supreme Court said nothing regarding the costs.

The second trial of the case resulted in a mistrial due to the fact that the plaintiff attempted to prove certain facts not alleged in the original complaint. This proof was objected to and a mistrial resulted. The plaintiff thereupon filed an amended complaint (the fourth amended complaint) setting up what the defendant contends is a new cause of action. The defendant in this court now seeks on this ground to have the costs upon the reversal of the judgment at the former trial allowed. Costs are a creature of statutes and are not recoverable unless by force of a statute. Whether costs follow on a reversal on error depends on the kind of

judgment appellate court gives. If the whole merits of the controversy are finally determined by the decision of the appellate court, that court will finally decide the controversy by giving such a judgment in favor of the appellant as should have been given in the court below. If, however, the judgment is not reversed upon the whole merits of the case, but on some collateral or incidental point not involving the substantial grounds of the litigation, or covering the whole case, the appellate court in reversing the judgment below will simply direct a *venire de novo* in order that the case may be put on a retrial upon the merits. In such a case costs abide the final finding of the case. *Lehigh Valley Railroad Co.* v. *McFarland*, 44 *N. J. L.* 674.

In the present case the record was remanded by this court to the Hudson County Circuit Court for retrial. The appellant was therefore not entitled to costs in this court. In fact, the complaint of the defendant and the ground for this motion is due entirely to what has occurred since the case was sent back to the Hudson County Circuit Court for trial. We have no record before us to determine whether the complaint as now amended sets up an entirely different cause of action than the one originally set up. If we determine that it did this court would have no power to grant this motion, as the case is one in the Hudson County Circuit Court, and any grievance which the defendant feels he may have redress must be asked for and considered by that court. We see no alternative but to deny, under these circumstances, the motion for the allowance of costs in this court.